**Ralph N. SHORTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 72–1736.**

United States Court of Appeals,
Ninth Circuit.

Oct. 30, 1972.

Rehearing Denied Dec. 5, 1972.

Allan S. Haley (argued), of Bortz, Case, Stack, Kay, Cronin & Clause, Honolulu, Hawaii, for appellant.

William J. Eggers, III, Asst. U. S. Atty. (argued), Honolulu, Hawaii, for appellee.

Before BROWNING and GOODWIN, Ciruit Judges, and WILLIAMS,* District Judge.

SPENCER WILLIAMS, District Judge:

Appellant Ralph N. Shorter was convicted by the Court, sitting without jury, of violating 21 U.S.C. §§ 952(a) and 960 (a)(1): Knowingly and intentionally importing heroin into the United States of America.

We affirm.

Defendant contends (1) the heroin was the product of an illegal search in violation of the Fourth Amendment and should have been excluded; (2) the trial judge erred in denying the production of certain statistical information concerning other searches by the Special Agent in Honolulu; (3) that the Special Agent should have given him the *Miranda* warning. The facts surrounding the search are briefly as follows:

On February 20, 1972 a Special Agent of the United States Customs Bureau on duty at the foreign arrival area in Honolulu International Airport observed Shorter standing at a counter waiting for his baggage to be inspected. The agent noticed that Shorter was repeatedly looking about in all directions in a very nervous manner. A closer examination revealed that Shorter's face was per-

---

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

spiring heavily and that despite the warm humid weather Shorter was bulkily dressed wearing an overcoat, a suit coat, and a dress shirt open at the neck exposing a turtle neck sweater underneath. The agent observed Shorter for approximately fifteen minutes while he remained in the baggage inspection line. As Shorter cleared the line, he was stopped by another Customs Patrol Officer who asked for his passport and then requested that he accompany him to a secondary examination room. The Special Agent joined them at this point and identified himself to Shorter.

After entering the secondary examination room, Shorter was asked to remove his overcoat and his suit coat and to empty his pockets onto the table. Shorter complied with the request. The agent noticed that Shorter's shirt did not fit naturally as he sat on a table in the examination room and asked him if he had failed to declare anything to Customs. At this point Shorter exclaimed, "You got me," and lifted the front of his shirt exposing a waist girdle. Shorter then reached into the waist girdle and pulled out two plastic bags containing thirty-nine packets of brown crystals subsequently determined to be heroin. The Special Agent summoned another Special Agent of the United States Customs Bureau who advised Shorter of his constitutional rights, and placed him under arrest. Shorter was then strip searched. This search revealed four additional plastic envelopes containing heroin concealed in his boots.

Prior to trial Shorter moved to suppress the evidence taken from his person by the United States Customs agents at the airport. The motion was denied. Shorter waived a jury trial and agreed to submit the case to the District Judge on the record of the hearing on the motion to suppress.

The appellant attempts to treat this case as a conventional search and seizure matter where probable cause is required to make a search "reasonable" within the meaning of the Fourth Amendment. His effort is misdirected. This is a clear border search situation. Customs officers have long been given the authority to "stop, search, and examine, . . . any vehicle . . . or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law". 19 U.S.C. § 482; See, Act of March 3, 1815, 3 Stat., 231, 232; Act of July 18, 1866, 14 Stat., 178.

In conferring this broad authority on Customs officers, the Congress has in effect declared that a search which would be "unreasonable" within the meaning of the Fourth Amendment when conducted by police officers in an ordinary case would not be unreasonable if conducted by Customs officers in lawful pursuit of unlawful contraband. Alexander v. United States, 362 F.2d 379 (9th Cir. 1966). Such a search by Customs officials, at the time and place of entering the jurisdiction of the United States, need not be on probable cause but may be based on mere suspicion alone. Rodriguez-Gonzales v. United States, 378 F.2d 256 (9th Cir. 1967); Bloomer v. United States, 409 F.2d 869 (9th Cir. 1969); Alexander v. United States, 362 F.2d 379 (9th Cir. 1966); See Carroll v. United States, 267 U.S. 132, 154, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Boyd v. United States, 116 U.S. 616, 623, 6 S.Ct. 524, 29 L.Ed. 746 (1886); Hammond v. United States, 356 F.2d 931 (9th Cir. 1966); King v. United States, 348 F.2d 814, 817 (9th Cir. 1965); Denton v. United States, 310 F.2d 129 (9th Cir. 1962); Witt v. United States, 287 F.2d 389 (9th Cir. 1961); Murgia v. United States, 285 F.2d 14 (9th Cir. 1960); and United States v. Yee Ngee How, 105 F. Supp. 517 (N.D.Calif.1952). It should be noted this Court has determined that a mere suspicion does not justify a skin search or a body cavity search; rather a "real suspicion" supported by objective and articulable facts is necessary. United States v. Guadalupe-Garza, 421 F.2d 876 (9th Cir. 1970). However, this was not Shorter's predicament. He was not subjected to either a skin or a body search until after the first packets of heroin were discovered. There-

fore, the "real suspicion" test is not applicable and this search comes well within the regular border search standard.

 The Customs officer noticed Shorter's suspicious behavior in the baggage inspection line. His heavy clothing was unusual for the warm climate. The bulge, or irregularity, in his shirt at the waist line was also a legally sufficient basis for requiring the search.

 The contention that the trial court erred in denying Shorter statistical information concerning other Customs searches at the Honolulu International Airport is without merit. Shorter cited no relevant authority nor did he make any showing that the information sought was relevant in any manner to the trial or that the denial of his motion for subpoena duces tecum prejudiced him.

Appellant's argument concerning the Special Agent's failure to give him the *Miranda* warnings is without merit. Shorter's exclamation (i. e., "You got me") did not lead to the search; the unnatural fold in Shorter's shirt, his heavy perspiration, his nervous actions and his unusually heavy dress were the suspicious activities that led to the search.

Affirmed.