PER CURIAM.
The defendant was charged by the State of Florida in an information with the offenses of possession of cannabis and importation of cannabis into the State of Florida.
This interlocutory appeal is by the state from an order of the Circuit Court of Dade County granting the defendant’s motion to suppress evidence (cannabis) seized as a result of a customs search made of defendant’s baggage upon his entry into the United States from a foreign country. The court’s order was entered upon its determination that the customs officials had no probable cause to believe the defendant was carrying contraband.
The state contends that the trial judge erred in applying the standard of “probable cause” to this routine customs search. We find merit in the state’s contention and reverse.
Customs officials derive their authority to search the luggage of persons entering the United States from foreign countries from the provisions of Title 19 U.S.C. § 482 (1970). Under that section, a reasonable suspicion alone is sufficient to authorize a customs search. United States v. Diamond, 471 F.2d 771 (9th Cir. 1973); Shorter v. United States, 469 F.2d 61 (9th Cir. 1972); United States v. Weil, 432 F.2d 1320 (9th Cir. 1970), cert. denied 401 U.S. 947, 91 S.Ct. 933, 28 L.Ed.2d 230 (1971); United States v. Hill, 430 F.2d 129 (5th Cir. 1970).
Reversed.