**UNITED STATES of America**

v.

**Joseph SCHEER, Thomas L. Turney.**

**Appeal of Joseph SCHEER.**

**No. 79–1109.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) June 5, 1979.

Decided June 19, 1979.

As Amended July 3, 1979.

Robert J. Cindrich, U. S. Atty., Bruce A. Antkowiak, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Stanton D. Levenson, Pittsburgh, Pa., for appellant.

Before ADAMS and ROSENN, Circuit Judges, and LAYTON, Senior District Judge.*

## OPINION OF THE COURT

PER CURIAM.

On June 17, 1978, an unclaimed suitcase, one of approximately twenty pieces of unclaimed luggage, arrived at JFK Airport in New York on a flight from Mexico. Following the customary practice in such situations, the United States customs officer on duty at the time inspected the suitcase's contents in the presence of an airline employee. Upon detecting a smell of glue that was indicative to him of a false bottom, the official weighed the suitcase and determined that it was unusually heavy considering its contents. He then put a small incision in the bottom, and discovered that a total of two kilograms of high quality cocaine were hidden under a false bottom. After Drug Enforcement Administration agents were alerted, the bag was forwarded to its destination in Pittsburgh, Pennsylvania. Appellant, Joseph Scheer, and a codefendant were arrested when they claimed the bag at the airport. Scheer was indicted for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). When his pretrial motion to suppress the evidence was denied, Scheer pleaded guilty on the condition that appellate review of the suppression motion would still be available. Scheer was sentenced to a term of three and one-half years in prison and three years special parole.

The border search conducted in the present case was authorized under 19 U.S.C. § 1582 and implementing regulations.[1] In contrast to 19 U.S.C. § 482, which permits customs officials to search persons, vehicles, and packages even at some distance from the border when they have "reasonable cause to suspect that there is merchandise which was imported contrary to law,"[2] these provisions do not on their face require that probable cause or a reasonable suspicion exist before a search may be undertaken at the point of entry.[3] Concerned that without a limiting gloss § 1582 and its implementing regulations may be inconsistent with the fourth amendment, Scheer urges that the statute must be construed to permit a border search in the absence of a search warrant only when the customs official has "some quantum of individualized suspicion."[4] Scheer further argues that the customs search in this case lacks this

---

* Honorable Caleb R. Layton, 3rd, United States District Judge for the District of Delaware, sitting by designation.

1. 19 U.S.C. § 1582 provides:
   The Secretary of the Treasury may prescribe regulations for the search of persons and baggage and he is authorized to employ female inspectors for the examination and search of persons of their own sex; and all persons coming into the United States from foreign countries shall be liable for detention and search by authorized officers or agents of the Government under such regulations.
   Pursuant to § 1582, regulations printed in 19 C.F.R. § 162.6 were promulgated:
   All persons, baggage, and merchandise arriving in the customs territory of the United States from places outside thereof are liable to inspection and search by a customs officer. District directors and special agents in charge are authorized to cause inspections, examinations, and search to be made under § 467, Tariff Act of 1930, as amended (19 U.S.C. § 1467) of persons, baggage, or merchandise, even though such persons, baggage, or merchandise were inspected, examined, searched, or taken on board a vessel at another port or place in the United States or the Virgin Islands, if such action is deemed necessary or appropriate.

2. The "reasonable cause to suspect" standard of 19 U.S.C. § 482 is discussed in, *inter alia*, *United States v. Ramsey*, 431 U.S. 606, 611–16, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977); *United States v. King*, 517 F.2d 350 (5 Cir. 1975); *United States v. Beck*, 483 F.2d 203 (3 Cir. 1973).

3. *See, e.g., United States v. Pringle*, 576 F.2d 1114, 1116–17 (5 Cir. 1978); *United States v. Odland*, 502 F.2d 148, 150–51 (7 Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 679, 42 L.Ed.2d 680 (1974).

4. Scheer borrows this standard from *United States v. Mirmelli*, 421 F.Supp. 684 (D.N.J. 1976), *aff'd without opinion*, 556 F.2d 569 (3 Cir. 1977).

modicum of suspicion because, as the customs official testified, his practice was to inspect every unclaimed piece of luggage.

We appreciate Scheer's solicitude for preserving the constitutionality of federal statutes, but are satisfied that § 1582 can withstand constitutional attack even without the proffered gloss. The Supreme Court, in *United States v. Ramsey*, 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1972), reviewed the "longstanding right of the sovereign to protect itself by stopping and examining persons and property crossing into this country." *Id.* at 616, 97 S.Ct. at 1979. Concluding its survey, the Court stated:

> Border searches, then, from before the adoption of the Fourth Amendment, have been considered to be "reasonable" by the single fact that the person or item in question had entered into our country from outside. There has never been any additional requirement that the reasonableness of a border search depended on the existence of probable cause. This longstanding recognition that searches at our borders without probable cause and without a warrant are nonetheless "reasonable" has a history as old as the Fourth Amendment itself. We reaffirm it now.

*Id.* at 619, 97 S.Ct. at 1980 (footnote omitted). *See Torres v. Puerto Rico*, 439 U.S. 815, 99 S.Ct. 74, 58 L.Ed.2d 106 (1979). In view of this authority, we join the Fifth and Seventh Circuits [5] in upholding the constitutionality of a search conducted at the border, or equivalent entry point, pursuant to § 1582, notwithstanding the absence of probable cause or even a quantum of individualized suspicion, but merely because the item was entering the United States from abroad.[6]

Accordingly, the judgment of the district court will be affirmed.

5. *United States v. Pringle, supra*, 576 F.2d at 1117; *United States v. Odland, supra*, 502 F.2d at 151.

6. Of course, a different question would have been presented had the customs search been

conducted somewhere other than at the border itself. In that situation, it would have been necessary to meet the slightly more demanding standard of § 482. *See United States v. Bowman*, 502 F.2d 1215, 1218–20 (5 Cir. 1974).