399 So.2d 22 (1981)
The STATE of Florida, Appellant,
v.
Iselene SMITH, Appellee.
No. 79-2312.
District Court of Appeal of Florida, Third District.
May 19, 1981.
*23 Janet Reno, State Atty. and Arthur Joel Berger, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
BASKIN, Judge.
Is evidence seized without probable cause or reasonable suspicion during a warrantless United States Customs search admissible in a Florida trial court? We hold that such evidence is admissible and reverse the order of suppression entered by the circuit court.
Returning to the United States after a trip to Ecuador defendant Smith landed at the Miami International Airport. A customs official conducting a random check of incoming baggage inspected defendant's train case. Upon opening the case, he detected the odor of glue and then discovered a false bottom under which cocaine was concealed. Defendant was arrested and charged with possession of a controlled substance, importation of a controlled substance and trafficking.
Following a hearing on defendant's motion to suppress, the trial court ruled that State v. Schloss, 341 So.2d 1024 (Fla.3d DCA 1977) required a customs search to be predicated upon reasonable suspicion of criminal activity. Finding no reasonable suspicion, the court suppressed the evidence seized from defendant Smith. On appeal the state, citing 19 U.S.C. § 1582, contends the trial court erred in applying the standard of reasonable suspicion to a border search. Defendant responds that customs officials may search only when deemed necessary or appropriate, 19 C.F.R. § 162.6 (1980), and that even if the search were proper under federal law, states may impose a higher standard. We agree with the argument advanced by the state.
According to 19 U.S.C. § 1582, all persons coming into the United States shall be liable to search.
§ 1582. Search of persons and baggage; regulations
The Secretary of the Treasury may prescribe regulations for the search of persons and baggage and he is authorized to employ female inspectors for the examination and search of persons of their own sex; and all persons coming into the United States from foreign countries shall be liable to detention and search by authorized officers or agents of the Government under such regulations.
In United States v. Schreer, 600 F.2d 5 (3d Cir.1979), the court contrasted the applicability of 19 U.S.C. § 1582 with 19 U.S.C. § 482,[1] which permits searches at a distance from the border when reasonable *24 cause for suspicion of illegal importation exists. In Scheer the court noted:
The Supreme Court, in United States v. Ramsey, 431 U.S. 606, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1972), reviewed the `longstanding right of the sovereign to protect itself by stopping and examining persons and property crossing into this country.' Id. at 616, 97 S.Ct. at 1979. Concluding its survey, the Court stated:
Border searches, then, from before the adoption of the Fourth Amendment, have been considered to be `reasonable' by the single fact that the person or item in question had entered into our country from outside. There has never been any additional requirement that the reasonableness of a border search depended on the existence of probable cause. This longstanding recognition that searches at our borders without probable cause and without a warrant are nonetheless `reasonable' has a history as old as the Fourth Amendment itself. We reaffirm it now.

Id. at 619, 97 S.Ct. at 1980 (footnote omitted). See Torres v. Puerto Rico, 439 U.S. 815, 99 S.Ct. 74, 58 L.Ed.2d 106 (1979). In view of this authority, we join the Fifth and Seventh Circuits in upholding the constitutionality of a search conducted at the border, or equivalent entry point, pursuant to § 1582, notwithstanding the absence of probable cause or even a quantum of individualized suspicion, but merely because the item was entering the United States from abroad. [footnotes omitted].
United States v. Scheer at 7. See United States v. Chaplinski, 579 F.2d 373, cert. denied, 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed. 711 (5th Cir.1978).
We find no merit in defendant's argument that the State of Florida has imposed a higher standard on searches and seizures conducted at its borders. Grubbs v. State, 373 So.2d 905 (Fla. 1979). The standard is the one imposed under the Fourth Amendment of the United States Constitution, that of reasonableness. State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979), approved on other grounds, 387 So.2d 913 (Fla. 1980). We hold that a valid United States warrantless border search is a reasonable search within the dictates of the Florida Constitution. Insofar as the dicta in State v. Schloss, supra, imposes a requirement of reasonable suspicion for a customs search and conflicts with our decision, we recede from its statement but approve its holding that probable cause is unnecessary for a routine customs search. We note that Florida as well as the United States is a sovereign with a right to self-protection against persons and property entering its borders illegally.
For these reasons, we reverse the decision of the trial court suppressing the evidence seized from defendant Smith and remand for further proceedings.
NOTES
[1] § 482. Search of vehicles and persons.

Any of the officers of persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle or beast, or otherwise, and to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast, or person, or in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in possession or charge, or by, in, or upon such vehicle, beast, or otherwise, he shall seize and secure the same for trial.