DANIEL S. PEARSON, Judge.
Jane Ross was convicted of bringing marijuana into the State of Florida and possession of marijuana. The marijuana was found in the false bottom of Ross’ suitcase during a search conducted by United States Customs Inspectors in the Customs area of the Miami International Airport upon Ross’ arrival on a flight from Jamaica. Ross argues on appeal that she was entitled to the entry of a judgment of acquittal on the ground that the State failed to prove that the offenses were committed within this state. This argument is bottomed on Ross’ contention that the marijuana was found and seized in, and therefore imported into and possessed in, an area which she contends is within the exclusive jurisdiction of the Federal Government.
A person is subject to prosecution in this state for an offense committed wholly or partly within the state. § 910.-005(l)(a), Fla.Stat. (1979); Lane v. State, 388 So.2d 1022 (Fla.1980). If either the conduct that is an element of the offense or the result that is an element occurs within the state, the offense is deemed committed partly within this state. § 910.005(2), Fla. Stat. (1979). It is indisputable, and Ross does not claim otherwise, that the Miami International Airport lies within the territorial boundaries of the State of Florida, see Sections 6.081 and 6.09, Florida Statutes (1979), and the State proved that the offenses, at least in part, occurred there. Despite this proof, Ross’ argument would have merit if, additionally, it had been indisputably established that the Customs area within the airport was property acquired by the United States from the State of Florida[1] and that the United States had by separate act accepted exclusive jurisdiction over the acquired property.[2] See 1958 Op. Atty.Gen. Fla. 058-309 (November 20, 1958).[3] But no such evidence appears in this record.
Thus, Ross is left with the claim that it was the prosecution’s burden to show not merely that the offense occurred within the territorial boundaries of this state, but that *249 the Customs area was not ceded to and acquired by the United States; or if the area was the property of the United States, that the United States had not obtained exclusive jurisdiction over it.
There is, in our view, no such burden upon the prosecution, notwithstanding that proof of jurisdiction is an essential element of the offense. Cf. State v. Davis, 203 So.2d 160 (Fla.1967) (in recidivist proceeding, State’s burden to prove prior valid conviction was discharged when record of conviction was offered in evidence; defendant’s burden to establish that presumptively valid conviction was invalid because obtained without counsel). The prosecution’s burden to prove that an essential element of the crime was committed within this state was discharged here by proof that Ross possessed the narcotics at the Miami International Airport in Dade County within the territorial boundaries of Florida. It is the defendant’s burden to show that an area or building within this state is without the jurisdiction of Florida by reason of cession and the acceptance of exclusive jurisdiction by the United States. See Hobbs v. Cochran, 143 So.2d 481 (Fla.1962) (wherein court implicitly placed burden on defendant by approving finding that state court had jurisdiction over crime, “[njothing having been shown that civilian authority over, the area had been ceded.”). Ross made no effort to meet that burden.[4]
Alternatively, we adopt the ruling of the trial court that, even if, arguendo, the Customs area of the Miami International Airport were an enclave subject to exclusive Federal jurisdiction, a jury could reasonably conclude from the prosecution’s proof that Ross constructively possessed the marijuana in this State, and brought it into this state, at the time the plane landed and until the time her luggage arrived in the Customs area.
We have examined Ross’ other point on appeal and find it to be equally without merit, but requiring no discussion.
Affirmed.

. Article I, Section 8, clause 17, of the United States Constitution empowers the United States to acquire lands from the states for certain specified uses, namely forts, magazines, arsenals, dock-yards and other needful buildings. Sections 6.04 and 6.05, Florida Statutes (1979), provide the procedure by which the State of Florida cedes lands to the United States.

. Article I, Section 8, clause 17, of the United States Constitution empowers the United States to exercise jurisdiction over lands acquired from states with the State’s consent. Surplus Trading Co. v. Cook, 281 U.S. 647, 50 S.Ct. 455, 74 L.Ed. 1091 (1930). The procedure by which the United States exercises exclusive or partial jurisdiction is found in Title 40, United States Code, Section 255, which in pertinent part provides:
“Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereañer to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.” (emphasis supplied).
Section 6.04, Florida Statutes (1979), provides that the Governor may cede jurisdiction to the Federal Government “upon application made to him in writing on behalf of the United States for that purpose, accompanied by the proper evidence of said reservation, purchase, contract or acquisition of record ... . ”

.In this opinion, the Attorney General expressed the view that Florida, under a reserved right contained in Section 264.08, Florida Statutes, had jurisdiction to prosecute for offenses committed in Everglades National Park, land ceded to the United States, since the Federal Government had not notified the Governor of Florida that it was assuming exclusive jurisdiction.

. Ross’ position was that her showing that the Customs area was “possessed and controlled” by Federal Agents somehow shifted the burden to the State to show that the area was not acquired by the United States as its property. Even had the “Customs area” been shown to have been acquired by the United States, unless and until the United States accepts jurisdiction over acquired lands, “it shall be conclusively presumed that no such jurisdiction has been accepted.” 40 U.S.C. § 255. Florida courts are required to take judicial notice of this Federal statute. § 90.201(1), Fla.Stat. (1979).
If a defendant were to meet the burden and indisputably show the exclusive jurisdiction of the United States over the sole place where the offense was committed, such a defendant would be entitled to a judgment of acquittal. See Fla.R.Crim.P. 3.610(a)(2) (authorizing judgment to be arrested where the court is without jurisdiction of the cause); State v. Davis, supra; Rollins v. State, 211 So.2d 861 (Fla. 3d DCA 1968).