### State of Vermont v. Jesse Dreibelbis

[511 A.2d 307]

No. 84-590

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 18, 1986

---

*Philip H. White*, Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*Duncan F. Kilmartin* and *Peter E. Yeager* of *Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Hayes, J.** Federal inspectors at the Immigration and Customs Inspection Station at Derby Line discovered two pounds of hashish in the trunk of the defendant's automobile during a routine border inspection. After arresting the defendant, the federal officials notified the Vermont State Police, who arrested him at the federal border station. He was later charged with violating 18 V.S.A. § 4224(e)(1)(B),[1] but moved before trial to suppress the evidence seized by the federal authorities on grounds that use of the federally seized evidence in a state prosecution violated his constitutional rights. The trial court denied the motion to suppress, and we granted an interlocutory appeal under V.R.A.P. 5. We affirm.

We note that the offense charged in the information included possession not only in the federal enclave in which the hashish was discovered, but also possession in Vermont, since the car in which the defendant was riding had passed through a short stretch of state land in Derby Line between the Canadian border and the Immigration Station.

Defendant objects to consideration of the issue of possession in Derby Line since the controlling question of law set forth by defendant under V.R.A.P. 5(b)(1) was limited to "a crime of possession of hashish, committed in the United States Customs and Immigration Service building at Derby Line." The objection is without merit. We made clear in *State* v. *Carpenter*, 138 Vt. 140, 146, 412 A.2d 285, 289 (1980), that the stated question in an interlocutory appeal "is for the aid of the Court and the parties in

---

[1] 18 V.S.A. § 4224(e)(1)(B) states: "A person knowingly and unlawfully possessing a regulated drug with the intent to sell the same or in an amount consisting of . . . an aggregate weight of one-half ounce or more, containing any marijuana . . . shall be imprisoned for not more than three years, or fined not more than $3,000.00, or both.

identifying the issues presented without limiting consideration to the trial judge's view of the case. It is a landmark, not a boundary, and this Court will not hesitate to reach issues outside its scope where they are fairly raised by the order appealed." The information was not limited to possession within the federal enclave, and judicial economy would be ill served by ignoring the full scope of issues raised by the defendant's suppression motion.

■ Defendant next contends that since the state police are held to a probable cause standard in searches under the Fourth Amendment, evidence received from federal customs officials whose "border search" authority is not based on probable cause must be excluded. That contention misunderstands the applicable law. So long as the evidence seized in a permissible, routine customs border inspection meets federal standards for such searches, see 19 U.S.C. § 1582,[2] it is no violation of the defendant's constitutional rights if the evidence is later used in a state prosecution. *People* v. *St. George Matthews*, 112 Cal. App. 3d 11, 169 Cal. Rptr. 263 (1980); *State* v. *Smith*, 399 So. 2d 22, 23 (Fla. Dist. Ct. App. 1981); *People* v. *Materon*, 107 A.D.2d 408, 411, 487 N.Y.S.2d 334, 338-39 (1985); and see *Ross* v. *State*, 411 So. 2d 247 (Fla. Dist. Ct. App. 1982); *People* v. *Van Horn*, 76 A.D.2d 378, 430 N.Y.S.2d 646 (1980); *People* v. *Nissen*, 97 Misc. 2d 1000, 412 N.Y.S.2d 999 (Sup. Ct. 1979).

■ The court below determined only that the State had the authority to prosecute the defendant under its laws for possession of hashish within the federal enclave. Since the State may validly proceed on its theory of possession in Vermont, we do not reach the question of whether Vermont could also prosecute the defendant solely on his alleged possession within the federal enclave. Even if this Court wanted to answer this latter question, the present record is inadequate to allow a full examination of the issue.

■ Though our decision is based on grounds different from those relied on by the trial court, the decision below is affirmed. Even if the grounds relied on by the court below were error, which we do not decide, this Court has held that it will not reverse a correct result merely because it is reached for the wrong

---

[2] "[R]outine searches of persons and things may be made upon their entry into the country without first obtaining a search warrant and without establishing probable cause or any suspicion at all in the individual case." W. LaFave & J. Israel, *Criminal Procedure* § 3.9(f), at 194 (1985).

reason. *Trustees of Net Realty Holding Trust* v. *AVCO Financial Services of Barre, Inc.*, 144 Vt. 243, 250, 476 A.2d 530, 534 (1984).

*Affirmed.*

## On Motion to Reargue

**Hayes, J.** Subsequent to the filing of the opinion in this case, defendant moved for leave to reargue under V.R.A.P. 40. By reason of matters brought to our attention by defendant's motion, we recalled the opinion and redrafted footnote two. The revision does not change the result, and the entry order is not affected.

*Motion to reargue denied.*