74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Guadalupe AVILA-RODRIGUEZ, Defendant-Appellant.
 No. 94-50591.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Jan. 17, 1996.
 
 Before: POOLE, BOOCHEVER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Guadalupe Avila-Rodriguez was indicted on one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of importation of heroin, in violation of 21 U.S.C. Sec. 952(a). She moved to suppress the evidence obtained as the result of an airport search, and after a hearing and argument the district court denied the motion. Avila-Rodriguez was convicted after a jury trial.
 
 
 3
 At sentencing, Avila-Rodriguez argued that she was entitled to a reduction for acceptance of responsibility. The district court denied the reduction.
 
 
 4
 Avila-Rodriguez appeals her conviction and sentence.
 
 
 5
 I. The district court did not err in denying the motion to suppress
 
 
 6
 We review de novo whether a warrantless search is valid. United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir.1994). Avila-Rodriguez argues that when Customs Inspector Thomas Plesa asked her to remove her outer sweater, he conducted a "partial strip search," which was not justified by reasonable suspicion that she was smuggling drugs. She does not challenge the patdown search or the inspection of her girdle that followed after Inspector Plesa noted the bulge in her abdominal area.
 
 
 7
 There is no dispute that the search occurred at the functional equivalent of the international border of the United States. "Routine searches at a United States international border require no objective justification, probable cause or warrant." United States v. Ramos-Saenz, 36 F.3d 59, 61 (9th Cir.1994) (as amended). A search beyond the scope of a routine customs search or investigation, however, requires "reasonable suspicion." Id. A strip search is a non-routine border search, United States v. Montoya de Hernandez, 473 U.S. 531, 541 n. 4 (1985), which, because it is highly intrusive, requires reasonable suspicion. United States v. Gonzalez-Rincon, 36 F.3d 859, 864 (9th Cir.1994), cert. denied, 115 S.Ct. 1323 (1995). "[T]he degree of intrusiveness is a critical factor in distinguishing between routine and non-routine searches," and the court should consider the extent of the search as well as the accompanying degree of indignity. Ramos-Saenz, 36 F.3d at 61 & n. 3. A strip search is one "that if conducted in public ... can be said to result in embarrassment to one of reasonable sensibilities." United States v. Palmer, 575 F.2d 721, 723 (9th Cir.), cert. denied, 439 U.S. 875 (1978).
 
 
 8
 The removal of Avila-Rodriguez's outer sweater did not constitute a partial strip search. Although Agent Plesa characterized the search in his trial testimony as a "partial strip search," the name given to the search by the inspector conducting it is not determinative. The removal of an outer sweater, worn over a blouse and pants, could be conducted in public without embarrassment to a reasonable person. "[I]t is like one removing an overcoat or a suit jacket--relatively innocuous." United States v. Chase, 503 F.2d 571, 573-74 (9th Cir.1974) (removal of appellant's boots not a "serious invasion of privacy" requiring real suspicion), cert. denied, 420 U.S. 948 (1975); see Ramos-Saenz, 36 F.3d at 61 (request that defendant remove his shoes not a strip search); Shorter v. United States, 469 F.2d 61, 63 (9th Cir.1972) (no skin or body search where defendant was asked to remove overcoat and suit coat), cert. denied, 411 U.S. 918 (1973).
 
 
 9
 We hold that no reasonable suspicion was required to justify the nonintrusive border search.
 
 
 10
 II. The district court did not clearly err in refusing to grant a two-point reduction for acceptance of responsibility
 
 
 11
 Section 3E1.1(a) of the November 1993 Sentencing Guidelines in effect at the time of Avila-Rodriguez's offense provides for a two-level reduction if the defendant "clearly demonstrates acceptance of responsibility for his offense." We review the district court's denial of the reduction for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 12
 After she was arrested, advised of her rights, and the package removed from her girdle was field-tested as heroin, Avila-Rodriguez said that the only reason she had done this was because she needed money for her child who was ill. She also wrote a letter to the district court after her conviction, expressing remorse and invoking her love for her children:
 
 
 13
 Your Honor, I am very repentant for having committed this grave error in judgement [sic] and what hurts me the most is to be separate from my children and not to be able to help them get ahead like I had always taught I would do, ever since I was left all alone with them when I was only 22 years old. That's when I was left alone with my four children. But Your Honor, that is why I am asking you and I plead that you forgive me for this grave crime. I had never done anything that could ever hurt anyone before and I would never do it again.
 
 
 14
 The acceptance of responsibility reduction is available to a defendant who demonstrates real contrition or sincere remorse. United States v. Gonzalez, 16 F.3d 985, 991 (9th Cir.1993). Avila-Rodriguez's statement to the inspectors was not an expression of remorse but a "claimed reason or motivation for committing a crime[, which] is [not] a dispositive factor in determining whether to grant the adjustment." Id. Further, her letter to the court came after she pled not guilty and was convicted following a jury trial in which she argued that she had not known the package contained drugs. The district court was entitled to discount this "belated expression of remorse and repentance." United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). See Guidelines Sec. 3E1.1, comment. (n. 1(h)) (district court may consider "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility").
 
 
 15
 Avila-Rodriguez urges us to follow United States v. McKinney, 15 F.3d 849 (9th Cir.1994), which held that the reduction should have been granted even though the defendant pled not guilty and mounted a defense at trial. The defendant in McKinney, however, identified himself immediately following his arrest, told arresting officers where to locate the gun used in the crime, confessed at the police station, attempted to plead guilty before trial, tried and failed to discuss his plea status with the court, and put on only a perfunctory defense. Id. at 852-53. The case before us shows nowhere near that degree of contrition, and is therefore not "one of the unusual cases in which a defendant is entitled to an acceptance of responsibility reduction despite having pleaded not guilty." Id. at 852.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3