## STATE of Vermont v. Gregory D. VANHOUTEN

## STATE of Vermont v. Arthur J. BUSHELL

[679 A.2d 900]

Nos. 94-599, 94-600

May 16, 1996. In this consolidated action, the State of Vermont appeals from Franklin District Court's dismissal of three DWI actions. The court dismissed the cases on the ground that Vermont did not have jurisdiction because the alleged offenses occurred within a federal enclave. We reverse and remand.

Defendants were detained by federal authorities at the port of entry at Highgate Springs while en route from Canada to Vermont on Interstate 89. The authorities, suspecting that defendants were under the influence of alcohol, alerted state police. State police subsequently effected warrantless arrests of defendants within the port of entry, which is a federal enclave. At trial, defendants moved for dismissal arguing that, under 1 V.S.A. § 551, state police do not have authority to make warrantless arrests within a federal enclave. Although the information in the cases charged the DWI violations as occurring on Interstate 89 in Highgate, Vermont, the trial court found that the violations took place within the federal enclave and dismissed on the basis that state police do not have jurisdiction over violations of state law that occur within federal enclaves.

As we noted in *State v. Dreibelbis*, 147 Vt. 98, 99, 511 A.2d 307, 308 (1986), there is a short stretch of land between the Canadian border and the federal enclave. Thus the court ruling is inconsistent with

the facts, and the court did not address the question defendants raised — whether state police are authorized to make warrantless arrests within federal enclaves for violations that occur outside the enclave, on property subject to state jurisdiction. See *id.* at 99-100, 511 A.2d at 307-08 (in drug possession case, where car passed through short stretch of state land between Canadian border and immigration station, State could proceed on theory of possession in Vermont); 23 V.S.A. § 1004(a), (b) (regulations relating to traffic and public safety are effective on interstate highway). We reverse and remand for a determination of that question, see *Strong v. Strong*, 144 Vt. 44, 46, 472 A.2d 1245, 1247 (1984) (remanded for finding on issue trial court did not address where it may change result), and in the event the arrest is found to be extrajurisdictional, for a consideration of the appropriate remedy. See, e.g., *State v. LeBlanc*, 149 Vt. 141, 145, 540 A.2d 1037, 1040 (1987) (because arrest was extrajurisdictional, evidence obtained as a result should have been suppressed).

*Reversed and remanded.*