

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# USA v. Linarez-Delgado

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2876

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Linarez-Delgado" (2007). *2007 Decisions.* Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2876

UNITED STATES OF AMERICA

v.

HECTOR LINAREZ-DELGADO,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-00130-1)
District Judge:  Honorable William H. Walls

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2007

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: December 19, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Hector Linarez-Delgado appeals his conviction for conspiracy to import

approximately 16 kilograms of ecstasy in violation of 21 U.S.C. § 963, conspiracy to

distribute and to possess with intent to distribute ecstasy in violation of 21 U.S.C. § 846,

and four substantive counts of importation of ecstasy in violation of 21 U.S.C. §§ 952, 960(a)(1) and (b)(3), and 18 U.S.C. § 2, as well as the sentence of 170 months of imprisonment imposed by the District Court. For the reasons that follow, we will uphold the jury's verdict and affirm the sentence imposed by the District Court.

Because we write for the parties, we set out only those facts that are pertinent to our analysis. Linarez-Delgado was the leader of an ecstasy importation conspiracy who recruited and trained four drug couriers and provided them with instructions, travel arrangements, and cash for the purchase and importation of ecstasy from Amsterdam. Following the arrest of one of these couriers, Linarez-Delgado fled the country. When Linarez-Delgado attempted to re-enter the country, a Customs Officer detained him, searched his belongings, and discovered a camcorder. The Customs Officer viewed video footage on the camcorder, which revealed that Linarez-Delgado went by the name "Sebastian" and thus might be a suspected drug trafficker for whom a warrant had been issued. Upon confirmation of his identity, Linarez-Delgado was placed under arrest.

Linarez-Delgado raises four issues on appeal. First, he argues that the District Court improperly denied his motion to suppress the videotape, which, he asserts, was seized and viewed in violation of the Fourth Amendment. This argument is without merit. Customs Officers exercise broad authority to conduct routine searches and seizures for which the Fourth Amendment does not require a warrant, consent, or reasonable suspicion. See United States v. Glasser, 750 F.2d 1197, 1201 (3d Cir. 1984); United

2

States v. Scheer, 600 F.2d 5, 7 (3d Cir. 1979). The Customs Officer's viewing of the videotape here was permissible as part of the key function of his job, to ensure that contraband does not enter the United States. Such searches fall within the broad authority granted to Customs Officers by statute. 19 U.S.C. § 1582; 19 C.F.R. § 162.6. Data storage media and electronic equipment, such as films, computer devices, and videotapes, may be inspected and viewed during a reasonable border search. See United States v. Borello, 766 F.2d 46, 58-59 (2d Cir. 1985); United States v. Ickes, 393 F.3d 501 (4th Cir. 2005). Therefore, Linarez-Delgado's argument that the Customs Officer's viewing of the content of his camcorder amounted to an unreasonable search fails.

Second, Linarez-Delgado argues that the District Court abused its discretion by admitting the following testimony: (1) a co-conspirator's testimony regarding Linarez-Delgado's attempts to bribe and threaten him into changing his testimony; (2) testimony by one co-conspirator that another co-conspirator sold ecstasy for Linares-Delgado; and, (3) the testimony of a Customs Officer regarding the videotape. When a defendant objects to the introduction of such evidence under Fed. R. Evid. 404(b), this Court reviews the District Court's ruling for an abuse of discretion. See United States v. Williams, 458 F.3d 312, 319 (3d Cir. 2006). We, therefore, review admission of the first statement for abuse of discretion. As to his second and third objections, however, we review the District Court's rulings for plain error, Fed. R. Crim. P. 52(b), because, although Linarez-Delgado raised an objection in a pretrial motion in limine which was

3

deferred, he received no definitive ruling and failed to renew his objection at trial so as to preserve the issue. Fed. R. Evid. 103(a).

As to the first item of disputed testimony, prior to trial the government moved pursuant to Fed. R. Evid. 404(b) to introduce testimony regarding Linarez-Delgado's attempts to tamper with witnesses. This testimony was properly admitted under the four-prong test for admission of Rule 404(b) evidence. Huddleston v. United States, 485 U.S. 681 (1988). First, the evidence had a proper evidentiary purpose because it was introduced to show Linarez-Delgado's consciousness of guilt. United States v. Gatton, 995 F.2d 449 (3d Cir. 1993). Second, the evidence was relevant. Third, the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice. The testimony served to demonstrate Linarez-Delgado's consciousness of guilt, not his propensity to commit crimes. Finally, the District Court properly instructed the jury to consider the evidence only for the limited purpose for which it was admitted.

As to the admission of co-conspirator testimony regarding ecstacy sales and the Customs Officer's very limited testimony as to the contents of the videotape, a review of the record reveals no abuse of discretion, let alone plain error, by the District Court. The testimony of the co-conspirator was admitted not under Fed. R. Evid. 404(b), but rather as intrinsic to the charged conspiracy, see Fed. R. Evid. 404(b), Advisory Committee Note (1991), and was properly admitted. To the extent that the Customs Officer's testimony regarding the content of the videotape can be considered to refer to a prior bad act under

4

Rule 404(b), its probative value outweighed any prejudice and it otherwise satisfied the relevant test for admissibility under Huddleston.

Linarez-Delgado next contends that statements he made to a Customs Officer when he attempted to enter the United States should have been suppressed because the Officer did not advise him of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, 444 (1966). Miranda warnings, however, are required only when a suspect is subject to custodial interrogation. Miranda, 384 U.S. at 444. Linarez-Delgado freely presented himself in the territory of the United States when he attempted to enter Puerto Rico and, therefore, was subject to routine border questioning. See, e.g, United States v. Ozuna, 170 F.3d 654, 659 (6th Cir. 1999); United States v. Silva, 715 F.2d 43, 46-47 (2d Cir. 1983). Because Linarez-Delgado was not in custody and his statements were made in response to a routine border inquiry, Miranda warnings were not required. The District Court, therefore, properly denied Linarez-Delgado's motion to suppress.

Finally, Linarez-Delgado claims that his 170-month sentence is unreasonable because the District Court failed to properly weigh the 18 U.S.C. § 3553(a) factors. We review the overall sentence for reasonableness. United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2006) (citing United States v. Booker, 543 U.S. 220, 260-63 (2005)). The record establishes that the District Court properly considered the factors found in 18 U.S.C. § 3553(a), complying with this Court's decision in United States v. Cooper, 437 F.3d 324 (3d Cir. 2006). Its meaningful consideration of those factors led it to impose a sentence

5

65 months below the bottom of the applicable Guideline Range. Linarez-Delgado's argument that his sentence is unreasonable fails.

For the foregoing reasons, we will uphold the jury's verdict and affirm the sentence imposed in the Judgment and Commitment Order of the District Court.