NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 63

No. 2019-405

| | |
|---|---|
| Caroline Maier | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Bennington Unit, |
| | Family Division |
| | |
| Siegfried Maier | June Term, 2020 |

David A. Barra, J.

Nancy Corsones and Wendy Fitzsimons of Tepper Dardeck & Levins, LLP, Rutland, for
  Plaintiff-Appellant.

Barney L. Brannen and C. Justin Sheng of Brannen & Loftus, PLLC, Hanover, New Hampshire,
  for Defendant-Appellee.


PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.


¶ 1.    **REIBER, C.J.**    We granted an interlocutory appeal to address the following questions: (1) "whether a competent plaintiff may dismiss her divorce action against her incompetent spouse, when the competent spouse wishes to preserve her marriage to her incompetent husband," and (2) "whether a guardian can pursue a counterclaim for divorce once the divorce action has been initiated by the ward's spouse." Husband subsequently died, abating the divorce action. The questions raised for review are therefore moot. Accordingly, we dismiss the appeal.

¶ 2.    In July 2018, wife brought a divorce complaint against her husband, who was under guardianship. In July 2019, a stipulated settlement agreement was submitted to the family court.

Before the court acted in response, wife filed a motion to withdraw the complaint and set aside the settlement agreement. She also filed a motion for summary judgment. Wife filed these motions directly, not through counsel. Her counsel moved to withdraw representation. The court granted the attorney's motion to withdraw and set oral argument on wife's motions. Wife obtained new counsel, who filed additional memoranda. The family court held oral argument on September 9, 2019, resulting in an October 17 decision denying wife's motion to dismiss and ordering an evidentiary hearing to evaluate the fairness of the stipulation pursuant to Pouech v. Pouech, 2006 VT 40, 180 Vt. 1, 904 A.2d 70. Wife filed a motion to reconsider and a request for interlocutory appeal, both of which the court denied. Wife filed a request with this Court for interlocutory appeal of the October 17 order, which we accepted in January 2020. Husband, through his counsel and guardians, asked to add a supplemental question to the appeal, which we also accepted. The family court stayed the proceedings below pending the interlocutory appeal.

¶ 3. While the interlocutory appeal was pending, and prior to oral argument, husband died. No divorce can be granted here. As the parties acknowledge, the divorce action is abated due to husband's death. Aither v. Estate of Aither, 2006 VT 111, ¶ 5, 180 Vt. 472, 913 A.2d 376 ("We have held, as have many other states, that a party's death while a divorce is pending abates the divorce action because the marriage is dissolved by operation of law at the time of death."). Therefore, the issues raised for interlocutory appeal—whether a divorce may be granted under the circumstances that existed prior to husband's death—are now moot. See In re Moriarty, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991) (explaining that "a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" or "if the reviewing court can no longer grant effective relief," and "[e]ven though there was once an actual controversy, a change in the facts can render an issue or entire case moot" (quotation and quotation marks omitted)). Accordingly, dismissal is appropriate.

2

¶ 4.    We reject the Estate's contention that we should retain the appeal because there are surviving issues in the proceedings regarding the enforceability of the settlement agreement and the proper forum for continued litigation.  For the obvious reason that husband died after we granted interlocutory review, the family court and the parties have had no prior opportunity to consider whether the settlement agreement is enforceable in light of husband's death and what court would be appropriate to litigate that issue.  Those issues are not ripe for review, and we will not consider them.  See White Current Corp. v. Vt. Elec. Coop., 158 Vt. 216, 222, 609 A.2d 222, 225 (1992) ("We decline . . . to entertain an issue neither presented by properly certified questions nor otherwise raised by the proceedings below or the order appealed from."); State v. Dreibelbis, 147 Vt. 98, 99-100, 511 A.2d 307, 308 (1986) (holding that Court may reach issues outside scope of interlocutory appeal "where they are fairly raised by the order appealed" (emphasis added) (quotation omitted)); In re Pyramid Co. of Burlington, 141 Vt. 294, 300-02, 449 A.2d 915, 918-19 (1982) (declining to address interlocutory appeal when issues are not ripe for review).

¶ 5.    Upon dismissal, the matter will return to the family division because that is the court from which the appeal was taken.  See, e.g., State v. Haynes, 2019 VT 44, ¶ 36, __ Vt. __, 215 A.3d 1094 (dismissing interlocutory appeal from criminal division and indicating matter would return to criminal division for final decision); Pyramid Co., 141 Vt. at 300, 304-05, 308, 449 A.2d at 918, 920-22 (dismissing interlocutory appeal and indicating matter would return to civil division for further proceedings).  The parties can then litigate what issues remain, including, if necessary, determining the appropriate forum for litigation, a question that we do not reach here.

Dismissed.

FOR THE COURT:

_____
Chief Justice

3