**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lucinda PALMER, Defendant-Appellant.**

**No. 77–3548.**

United States Court of Appeals, Ninth Circuit.

May 22, 1978.

Rehearing and Rehearing In Banc Denied July 31, 1978.

Joseph Shemaria, of Los Angeles, Cal., for defendant-appellant.

Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and KENNEDY, Circuit Judges, and BARTELS,* District Judge.

MERRILL, Circuit Judge:

This appeal is taken from conviction of importation of cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellant was arrested at the Los Angeles International Airport customs area on her arrival from Panama, when a search revealed her possession of twenty-four ounces of cocaine.

The search was conducted by a female customs inspector. She first noticed that appellant was walking in a manner ("strained, with little mincing steps") that in the inspector's experience indicated either that appellant's suitcase was unusually heavy or that she was wearing something that restricted her movements. The suitcase, on examination, proved not to be heavy enough to account for appellant's manner of walking. Appellant was passed through, left the customs area and went to the baggage claim area. Five to seven minutes later, the customs inspector located her there and asked her to return to the customs area for further examination. Appellant's strained manner of walking persisted, even though she was no longer carrying her suitcase. The inspector gave appellant a patdown that disclosed that she was wearing a girdle. With reference to this disclosure the inspector testified:

"It seemed unusual to me because upon viewing Ms. Palmer's overall person, she is a very slender woman, and girls nowadays just don't wear a heavy elastic girdle. * * * I find that in my experience over the years at the airport we find that slender women, particularly if they have a good figure, wear very little undergarments, particularly the bras. And in all the time that I have been there, I think there have only been three or four women that I have ever encountered with girdles on. The only slender one was Ms. Palmer. The other ones were elderly women."

Adding to the cause for the inspector's suspicion were the facts testified to by her

* Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

that appellant wore no brassiere, that her dress was loose-fitting and that a heavy girdle seemed an odd combination with this light outer wear, particularly on a lengthy air flight. The inspector then requested appellant to lift her dress so that the girdle could be observed. Three packages of cocaine were disclosed, held in place by the girdle and surgical tape.

■ Appellant first contends that since the search occurred after she had left the customs area, it was not a border search and that under *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), probable cause was necessary to render the search lawful. The contention that a search conducted after the passenger has been passed through customs can never be considered as a border search has been rejected by this court. *United States v. Mejias*, 452 F.2d 1190 (9th Cir. 1970). There we upheld as a border search a search that took place an hour to an hour and a half after the passenger had left the customs area but was still present with his luggage, in an adjacent area. We hold that the search here was a border search.

Appellant next contends that even as a border search the necessary cause to conduct a search with this degree of intrusiveness was lacking. She contends that her manner of walking, which aroused the inspector's suspicions and created justification for the patdown, was explained by the fact, disclosed by the patdown, that she was wearing a girdle. She contends that under *United States v. Price*, 472 F.2d 573 (9th Cir. 1973), the search should have halted at that point, since that which had aroused suspicion was fully explained. Appellant characterizes lifting her skirts as a "strip search" for which the cause must be "real suspicion"—defined in *United States v. Guadalupe-Garza*, 421 F.2d 876, 879 (9th Cir. 1970), as:

" * * * subjective suspicion supported by objective, articulable facts that would reasonably lead an experienced, prudent customs official to suspect that a particular person seeking to cross our

border is concealing something on his body for the purpose of transporting it into the United States contrary to law." Appellant contends that following the patdown there was no basis for suspicion, and that suspicion to justify a strip search was clearly lacking.

■ We note first that this was not a strip search in the sense in which that term is used in *Guadalupe-Garza*, or in *United States v. Johnson*, 425 F.2d 630 (9th Cir. 1970), *cert. dismissed*, 404 U.S. 802, 92 S.Ct. 38, 30 L.Ed.2d 35 (1971), or *Henderson v. United States*, 390 F.2d 805 (9th Cir. 1967), upon which appellant also relies. In those cases the persons searched were ordered to disrobe. Lifting of the skirts to reveal an undergarment is a far less intrusive examination and requires less justification to render it reasonable.

■ In *Henderson v. United States, supra*, at 808, we discussed the standard of cause necessary as the border search becomes progressively more intrusive: for examination of vehicle, luggage, contents of pockets or purse, no suspicion at all is required; for a strip search, "real suspicion, directed specifically to that person" is required; for examination of body cavities there must be a "clear indication" that contraband will be found. But between a search of pockets and a strip search there can be a wide variety of types of intrusion, with varying degrees of intrusiveness, and we would be reluctant to hold that no suspicion at all is required until full disrobing is demanded. It is hardly feasible to enunciate a clear and simple standard for each possible degree of intrusiveness. However, here the search does tend toward the strip search in that if conducted in public it can be said to result in embarrassment to one of reasonable sensibilities. In our judgment, in such a case if suspicion is founded on facts specifically relating to the person to be searched, and if the search is no more intrusive than necessary to obtain the truth respecting the suspicious circumstances, then the search is reasonable. Such was the standard suggested in *United States v. Price, supra*, 472 F.2d at 574 n. 1, for such an intrusion as we have here.

Here the patdown's disclosure of the fact that a girdle was worn may have dispelled suspicion as to appellant's strained manner of walking. However, it created new grounds for suspicion and warranted further examination to ascertain whether the garment was worn for the purpose of smuggling. We hold the search to have been reasonable.

Judgment affirmed.