**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lorena Christine PURVIS, Defendant–Appellant.**

**No. CA 79–1772.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1980.

Decided Nov. 6, 1980.

William C. Ibershof, San Francisco, Cal., for defendant–appellant.

Joseph M. Burton, Asst. U.S. Atty., San Francisco, Cal., for plaintiff–appellee.

Before TRASK and FARRIS, Circuit Judges, and NIELSEN,* District Judge.

TRASK, Circuit Judge:

Appellant, Lorena Purvis, was convicted of importing and of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 952 and 841(a)(1). She contends that the evidence used at her trial was illegally obtained and should have been suppressed. She also argues that the conduct of both the government and the trial judge violated her right to a fair trial. We affirm.

I.

Purvis arrived at San Francisco International Airport on June 20, 1979, from Bangkok, Thailand. Questioning by Customs revealed that Purvis was a cocktail waitress from Birmingham, Alabama, who had been vacationing in Bangkok, had paid cash for her airfare and had nothing to declare on the Customs Declaration form. The Customs examiner concluded that a more detailed examination was indicated and escorted her to the secondary search area. A second inspection officer noticed that Purvis walked in a slow and careful manner. A third examiner in the search room observed that when she seated herself in a chair she crossed her legs and appeared to put her weight only on one side of her buttocks. Two female inspectors conducted a strip search which disclosed that Purvis was wearing tampons different from those in her luggage. That, along with discrepancies between Purvis's story and that of her traveling companion and items associated with smuggling found in the companion's luggage, led Customs officers to obtain an ex parte order for an x–ray examination. That examination disclosed foreign material which turned out to be an ounce of heroin. At a court trial, the district judge found Purvis guilty.

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

II.

In *United States v. Rodriguez*, 592 F.2d 553, 556 (9th Cir. 1979), we held the rule to be that:

While anyone at a border may be stopped for questioning and subject to an inspection of luggage, handbags, pockets, wallets, without any suspicion at all on the part of customs officials, "real suspicion" is required before a strip search may be conducted, and the "clear indication" test is used for body cavity searches. (Citation omitted.) In *United States v. Guadalupe–Garza*, 421 F.2d 876, 879 (9th Cir. 1970), we stated:

"Real suspicion" justifying the initiation of a strip search is subjective suspicion supported by objective, articulable facts that would reasonably lead an experienced, prudent customs official to suspect that a particular person seeking to cross our border is concealing something on his body for the purpose of transporting it into the United States contrary to law.

The facts here are clearly sufficient to support the actions taken by Customs. *See United States v. Aman*, 624 F.2d 911, (9th Cir. 1980); *United States v. Palmer*, 575 F.2d 721 (9th Cir. 1975).

We find no merit in Purvis's allegations that she did not receive a fair trial. The judgment is AFFIRMED.