**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael Gene SHREVE,**
**Defendant-Appellant.**

**No. 82–1216.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1982.

Decided Jan. 25, 1983.

Randy Sue Pollock, Los Angeles, Cal., for defendant-appellant.

Brian Sun, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT, KENNEDY, and BOOCHEVER, Circuit Judges.

KENNEDY, Circuit Judge:

The sole issue on appeal is the validity of an X-ray search revealing cocaine that appellant Shreve was attempting to smuggle through the customs checkpoint at the Los Angeles International Airport. After discovery of the object by X-ray, Shreve was arrested and detained until the contraband passed normally from the body cavity.

Shreve had arrived in Los Angeles from Lima, Peru, and customs inspectors noticed that he was walking in an unnaturally erect and stiff manner, suggestive of body cavity smuggling. He was directed to secondary inspection, where customs inspectors elicited the following information: Shreve was an unemployed carpenter, and had paid cash for his airline ticket. He traveled alone on a newly issued passport; his stay in Peru, a known cocaine source country, had been short, and he knew no one there; and experienced officers noted he was unusually talkative, overly friendly, and nervous.

Based on these observations, inspectors conducted a pat down search. During the inspection, the inspectors noticed Shreve's nervousness, and that he continued to move in a constrained fashion suggestive of body cavity smuggling. It was noted that defendant's eyes were dilated and his speech slurred.

An examination of Shreve's luggage revealed restaurant and hotel receipts that suggested defendant had consumed only beverages during the last three days in Peru, a practice characteristic of body cavity smuggling. The search also uncovered a bottle of oil that could be used to lubricate objects inserted into the rectum.

Based on this evidence, customs officials decided to strip-search Shreve and perform an X-ray search if necessary.

■ The law of this circuit is that to conduct an X-ray search the authorities must have a clear indication of body cavity smuggling. *United States v. Ek,* 676 F.2d 379, 382 (9th Cir.1982). While the frequency of body cavity smuggling and the public dangers attendant to it, measured against the slight intrusion of an X-ray search without a specific showing of medical dangers, may make the wisdom of the holding in *Ek* doubtful, nevertheless, it is the law of the circuit, and we must follow it here.

■ In this case, the facts noted by the customs inspectors provide ample support for their determination that there was a clear indication of body cavity smuggling. This determination would be supported even upon a lesser showing.

The procedures used here were neither intrusive nor arguably beyond the means necessary to obtain the evidence, *cf. United States v. Cameron,* 538 F.2d 254 (9th Cir. 1976). No warrant was required for the X-ray examination. *United States v. Ek,* 676 F.2d at 383.

In view of our disposition of the case, it is unnecessary to address the alternate contention of the Government that the appellant consented to the examination.

AFFIRMED.