**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Connie M. HANDY, Defendant-Appellant.**

No. 85–3001.

United States Court of Appeals, Ninth Circuit.

Submitted * May 5, 1986.

Decided May 8, 1986.

Andrew Hamilton, Asst. U.S. Atty., Seattle, Wash., Kathleen A. Felton, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Alix Foster, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Before DUNIWAY, WRIGHT and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Defendant Handy and her mother returned from Thailand. Customs officials at an international airport strip searched both women and found heroin in the mother's underpants. Later body cavity searches of both women recovered 27 rubber recepta-

* Oral argument waived by the court.

cles containing heroin. Both were convicted on stipulated facts and Handy appeals, challenging her strip search.

FACTS

In its written denial of the suppression motion, the court found:

(a) [Handy] was returning from Thailand, a known source country for narcotics.

(b) She was exceedingly nervous and trembling.

(c) In her luggage or purse were found a lubricant, dental floss and an anti-laxative. It was known that these materials were commonly used by individuals transporting controlled substances in body cavities.

(d) When asked about the lubricant, dental floss and anti-laxative, she gave a fanciful story that she did not know how those items got into her purse, that she had dropped her purse, and when she picked it up, those items were in it.

(e) Her posture and gait were not normal. She shuffled as she walked and was not able to move freely.

(f) Her nose was running, she was sniffling and she had difficulty finding her passport in her purse. She had trouble finishing her sentences and in making sense out of what she was saying. All of these indicated that she may have been at the time under the influence of some kind of narcotic.

(g) When a patdown search was conducted of her, a washcloth was observed in her panties. She stated that her period had started. Her use of a washcloth was suspicious, however, because tampons had been found in her purse.

District Court Order of December 17, 1984 at 2.

Handy was sentenced to two concurrent 18-month terms in prison, a five-year period of probation and a special parole term. After sentencing, the district judge denied Handy's motion for bail pending appeal. Handy renewed her motion before this court. A motions panel reversed and ordered release on bail. *United States v. Handy*, 761 F.2d 1279 (9th Cir.1985) (Farris, J., dissenting). The court reasoned that "the appeal raises a substantial question of law or fact ... likely to result in reversal or an order for new trial." *Id.* at 1283.

STANDARD OF REVIEW

The standard for reviewing the district court's determination that the search at issue was a valid border search is de novo. *See United States v. Cardona*, 769 F.2d 625, 628 (9th Cir.1985). The standard for reviewing the court's findings of fact is clearly erroneous. Fed.R.Civ.P. 52(a); *United States v. McConney*, 728 F.2d 1195, 1200 n. 5 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

ANALYSIS

Handy argues the government failed to show it had the necessary indicia that Handy was carrying contraband when its agents strip searched her. She asks that the evidence from the strip search, and from the body cavity search that followed, be suppressed. Although in her brief Handy appears to take issue with the court's factual findings, the record supports them.

■ For a strip search at a border checkpoint, customs officials must have a "real suspicion." *United States v. Aman*, 624 F.2d 911, 912 (9th Cir.1980) (citing cases). "Real suspicion" was defined in *United States v. Guadalupe-Garza*, 421 F.2d 876, 879 (9th Cir.1970), to be a "subjective suspicion supported by objective, articulable facts that would reasonably lead an experienced, prudent customs official to suspect that a particular person seeking to cross our border is concealing something on his body for the purpose of transporting it into the United States contrary to law." *See also United States v. Rodriguez*, 592 F.2d 553, 556 (9th Cir.1979) (discussing the three standards for different border searches— no suspicion for questioning and luggage

searches; real suspicion for strip searches; clear indication for body cavity searches).

 When evaluating a border search, we must view as a whole all factors that would be considered by an experienced and prudent customs inspector. *Rodriguez,* 592 F.2d at 556 (citing *United States v. Mastberg,* 503 F.2d 465, 469 (9th Cir.1974)).

 We reviewed several body cavity search cases in *United States v. Mendez-Jiminez,* 709 F.2d 1300, 1303 (9th Cir.1983). While we cautioned "that the validity of a search is not controlled by comparison with ... other cases," we recognized that comparisons are helpful. *Id.* (citing *Mastberg*). Comparing the facts here with those in the body cavity cases, we are persuaded that the government met not only the "reasonable suspicion" test, but also the higher "clear indication" test at issue in those cases. *See Mendez-Jiminez,* 709 F.2d at 1303 (describing *inter alia United States v. Shreve,* 697 F.2d 873 (9th Cir.1983); *United States v. Purvis,* 632 F.2d 94 (9th Cir.1980); *United States v. Erwin,* 625 F.2d 838 (9th Cir.1980); *United States v. Aman,* 624 F.2d 911 (9th Cir.1980). *Cf. United States v. Quintero-Castro,* 705 F.2d 1099, 1100 (9th Cir.1983) (facts that are insufficient to support an order authorizing body cavity searches).

## CONCLUSION

The objective, articulable facts upon which the customs officials relied here are such that they would have led an experienced and prudent customs official to suspect Handy was concealing contraband on or in her body. The district court did not err in finding that the strip search was reasonable.

Nor did the district court err in denying release on bail pending appeal. No substantial question of law or fact has been raised by the appellant.

AFFIRMED. The mandate will issue now. No petition for rehearing will be entertained.