Wendy SCALLION, an individual,
Plaintiff—Appellant,

v.

CITY OF HAWTHORNE, a public entity; Hawthorne Police Department, a public entity; Stephen R. Port, an individual, Melanie Newenham, (# 233), an individual; Renee Descant (# 555), an individual, Defendants—Appellees.

No. 07–55144.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed May 29, 2008.

Cynthia Anderson–Barker, Donald W. Cook, Mann & Cook, Los Angeles, CA, for Plaintiff–Appellant.

Jill W. Babington, Mark D. Rutter, Carpenter, Rothans, Dumont & Doumanian, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL *, District Judge.

MEMORANDUM **

Wendy Scallion appeals from the district court's summary judgment in her 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and reverse in part.

The district court correctly concluded that the Hawthorne Police Department officers had probable cause to arrest Scallion for violating the California Vehicle Code by not using an illuminated headlight after dark. Accordingly, Scallion's arrest was lawful under the Fourth Amendment. *See, e.g., Beier v. City of Lewiston,* 354 F.3d 1058, 1065 (9th Cir.2004) ("An arrest is supported by probable cause if, under the totality of circumstances known to the arresting officers [at the time of the arrest], a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." (internal quotation marks omitted) (second alteration in original)); *see also Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1094 (9th Cir.2006) (citing *Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001)) (noting that "[a]n officer who observes criminal conduct may arrest the offender without a warrant, even if the pertinent offense carries only a minor penalty").

The officers' subjective reasons for making the arrest are irrelevant, and there is no requirement that the offense establishing probable cause be "closely related" to, and based on the same conduct as, the offense identified by the officer at the time of arrest. *See Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004); *Whren v. United States,* 517 U.S. 806, 813–14, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). While California law may prohibit arrests for certain offenses, "state restrictions do not alter the Fourth Amendment's protections." *See Virginia v. Moore,* —— U.S. ——, 128 S.Ct. 1598, 1607, 170 L.Ed.2d 559 (2008).[1]

The district court also correctly ruled that Officer Newenham's search of Scallion at the scene of her arrest was a permissible "search incident to a lawful arrest." *See Gustafson v. Florida,* 414 U.S. 260, 263–65, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). This is so even though the patdown search occurred before her formal arrest. *See Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 65

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We conclude that further briefing from the parties as to the applicability of *Virginia v. Moore,* —— U.S. ——, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008), will not aid in our decision.

L.Ed.2d 633 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.").

The district court correctly determined that even if Scallion has a viable First Amendment retaliation claim, Officers Newenham and Descant are entitled to qualified immunity under *Skoog v. County of Clackamas,* 469 F.3d 1221 (9th Cir. 2006), which was decided three years after Scallion's arrest. *See id.* at 1232, 1234–35 (citing *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)) (holding that because "the right of an individual to be free of police action motivated by retaliatory animus but for which there was probable cause" was not clearly established, the officer defendant was protected by qualified immunity).

■ The district court erred, however, by ruling that the booking search of Scallion at the police station was reasonable and was not an illegal strip search in violation of the Fourth Amendment. There remain genuine issues of material fact with respect to the circumstances of the search and Officer Newenham's statement that she "examined" Scallion's breast area for contraband. *See United States v. Palmer,* 575 F.2d 721, 723 (9th Cir.1978) (lifting of a skirt to reveal an undergarment "tend[ed] toward the strip search in that if conducted in public it can be said to result in embarrassment to one of reasonable sensibilities"); *see also* Cal.Penal Code § 4030(c) (defining a strip search as "a search which requires a person to remove or arrange some or all of his or her clothing so as to permit a visual inspection of the underclothing, breasts, buttocks, or genitalia of such person"). Furthermore, if the search was indeed a strip search, the City does not claim, nor is there evidence, that Newenham had reason to suspect that

Scallion was carrying or concealing contraband or suffering from a communicable disease. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir.2001).

■ The district court also erred by granting summary judgment with respect to Scallion's *Monell* claims. Officer Newenham's statement that a "standard booking search for a female prisoner" included an examination of a female's breast area raises a genuine issue of material fact, as does the letter from the Hawthorne Police Department signed by Sergeant Royer, which found that the acts Scallion complained of had occurred but were "lawful, justified and proper." Accordingly, genuine issues of material fact remain as to whether Scallion can show that "[her] injuries were inflicted pursuant to an official county policy or custom." *See Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir.1989) (citing *Monell v. New York Department of Social Servs.,* 436 U.S. 658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Because the record is unclear as to which specific policy or policies of the Hawthorne Police Department were referenced and relied upon by Officer Newenham and Sergeant Royer, further factual findings as to this point will be necessary.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

Each party shall bear its own costs on appeal.