PER CURIAM.
Appellant was convicted of possession of cannabis in excess of 100 pounds. Our study of the record convinces us that the initial stopping of appellant’s vessel was improper thus requiring a reversal of the conviction.
Prompted by a report from the Sheriff’s Office of a suspicious boat run aground in the St. Lucie Inlet, law enforcement officers proceeded to the area, encountered a boat which was moving slowing and stopped it. When the boat was stopped one officer noticed a light brown stain on the gunnel area of the boat, possibly attributable to marijuana. When questioned whether the boat was riding low in the water, the *1307 officer testified. “Those boats ride low in the water. The water line was lower than normally of a boat that size.”
After stopping the boat, the officers’ first action was to request the registration. When the operator (who was not the appellant) was unable to produce registration, he was allowed to dock the vessel in order to obtain the document. An officer detected the low odor of marijuana after the boat was docked. The officers then boarded the vessel to conduct a safety check and eventually found the contraband for which appellant was charged. Appellant’s motion to suppress the seized contraband was denied giving rise to this appeal.
The evidence adduced at the suppression hearing demonstrates that the arresting officers did not have a founded suspicion that criminal activity was afoot at the time they stopped the vessel in which appellant was a passenger. Consequently, any incriminating evidence they later found and seized was subject to suppression.
Accordingly, the judgment and sentence appealed from is reversed and the cause is remanded with directions to grant the appellant’s motion to suppress.
DOWNEY, C. J., and ANSTEAD, J., and TENDRICH, MOIE J. L., Associate Judge, concur.