408 So.2d 745 (1982)
The STATE of Florida, Appellant,
v.
Silvio P. ZAFRA, Appellee.
No. 81-474.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Rehearing Denied February 9, 1982.
Jim Smith, Atty. Gen., for appellant.
Paul Morris, Rosen, Portela, Bronis, Angueira & Clay and William A. Clay, Miami, for appellee.
*746 Before HUBBART, C.J., and BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
We join the trial court in rejecting the state's position that the apparently unrestricted authority conferred by the terms of 19 U.S.C. § 1581(a)[1] is not limited by the reasonableness requirement of the fourth amendment and that a customs officer may therefore make an investigative stop and subsequent search of a vessel in inland waters[2] even though there is neither (a) evidence of a border crossing or its functional equivalent,[3] nor (b) prior reasonable suspicion of illegal activity. It is clear that this contention is incorrect and that, under the stated circumstances, such activity is not constitutionally permissible. United States v. Villamonte-Marquez, 652 F.2d 481, 484 (5th Cir.1981); United States v. Guillen-Linares, 643 F.2d 1054 (5th Cir.1981); United States v. D'Antignac, 628 F.2d 428, 432-33 (5th Cir.1980), cert. denied, 450 U.S. 967, 101 S.Ct. 1485, 67 L.Ed.2d 617 (1981); Morales v. State, 407 So.2d 321 (Fla.3d DCA 1981) (dictum); Earnest v. State, 293 So.2d 111 (Fla. 1st DCA 1974); see, United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). In the posture in which the case was presented and decided below, we need and do go no further in determining the outcome of this appeal.
Affirmed.
NOTES
[1] § 1581. Boarding vessels

(a) Any officer of the customs may at any time go on board of any vessel or vehicle at any place in the United States or within the customs waters or, as he may be authorized, within a customs-enforcement area established under the Anti-Smuggling Act, or at any other authorized place, without as well as within his district, and examine the manifest and other documents and papers and examine, inspect, and search the vessel or vehicle and every part thereof and any person, trunk, package, or cargo on board, and to this end may hail and stop such vessel or vehicle, and use all necessary force to compel compliance.
[2] Compare United States v. Freeman, 579 F.2d 942 (5th Cir.1978) (stop and boarding on open waters for document check; subsequent search based on probable cause discovered thereafter); Morales v. State, 407 So.2d 321 (Fla.3d DCA 1981).
[3] Compare United States v. Sandler, 644 F.2d 1163 (5th Cir.1981); State v. Smith, 399 So.2d 22 (Fla.3d DCA 1981).