409 So.2d 1168 (1982)
The STATE of Florida, Appellant,
v.
Vincent Michael DOYLE and Daniel Jeffrey Vaughan, Appellees.
No. 81-859.
District Court of Appeal of Florida, Third District.
February 16, 1982.
*1169 Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellant.
Philip Carlton, Jr. and Thomas Wills, Miami, for appellees.
Before NESBITT and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
We concur in the trial court's conclusion that the stop and consequent search of the 26-foot formula boat occupied by the defendants, Doyle and Vaughan, were unlawful. The trial court found that the only reason the United States Customs Officer stopped the vessel was to search for contraband and that he did not stop the vessel for any purpose authorized by Title 19, United States Code, Section 1581(a) (1980).[1] This finding, amply supported by the testimony,[2] precludes the State from relying upon the statute and makes it unnecessary for us to attempt to resolve from the imprecise record whether the stop occurred inside or outside the coastline of the United States.[3]
*1170 Our inquiry instead is confined to whether the stop was otherwise justified because supported by evidence that the vessel occupied by the defendants had crossed the border, or evidence giving rise to a reasonable suspicion that the defendants were engaged in illegal activity, see State v. Zafra, 408 So.2d 745 (Fla.3d DCA 1982); Morales v. State, 407 So.2d 321 (Fla.3d DCA 1981). The State concedes, as it must, that there is not a scintilla of evidence indicating a border crossing. It does not concede, but it should, that the Customs Officer's observation of "two males aboard a 26 foot boat coming in at 3:00 o'clock in the morning" falls well short of the reasonable suspicion required for a lawful stop.[4]See Reid v. Georgia, 448 U.S. 438, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980); United States v. Villamonte-Marquez, 652 F.2d 481 (5th Cir.1981).
Despite our agreement with the trial court that the stop and search of the vessel occupied by the defendants were unlawful, we cannot affirm its suppression order. The State correctly points out that, apart from the fact that Doyle and Vaughan were the only persons on board the searched vessel, no evidence was adduced that either or both had any reasonable expectation of privacy which was invaded by the search.[5] This challenge to the defendants' standing to complain of the search, although first made here, must be considered by us. Morales v. State, supra; see Combs v. United States, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972); State v. Hutchinson, 404 So.2d 361 (Fla.2d DCA 1981); St. John v. State, 400 So.2d 779 (Fla. 1st DCA 1981); Coster v. State, 392 So.2d 16 (Fla.3d DCA 1981). But as we said in Morales:
"Although the challenge does not come too late, we are precluded by law from deciding the issue in the state's favor without first remanding the cause to the trial court for the purpose of developing a complete record on the standing issue  the theory being that the issue was not fully litigated below, absent a proper state challenge, and that the defendants may have standing evidence which they were lulled into not presenting below and could present upon remand." 407 So.2d at 326 (footnote omitted).
Accordingly, we reverse the order suppressing the seized evidence and remand the cause to the trial court to conduct a hearing in which Doyle and Vaughan will have the opportunity to establish that the unlawful search invaded a reasonable expectation of privacy of either or both of them.
Reversed and remanded with directions.
NOTES
[1] Title 19 U.S.C. § 1581(a) provides, in pertinent part:

"Any officer of the customs may at any time go on board of any vessel or vehicle at any place in the United States or within the customs waters ... and examine the manifest and other documents and papers and examine, inspect, and search the vessel or vehicle and every part thereof and any person, trunk, package, or cargo on board, and to this end may hail and stop such vessel or vehicle and use all necessary force to compel compliance."
Despite its broad language, the statute has been construed to authorize a stop and boarding for the limited administrative purposes of routine documentation and safety checks, not general searches. Morales v. State, 407 So.2d 321 (Fla.3d DCA 1981), and cases cited therein.
[2] Jordan, the Customs Officer, accompanied by two agents of the Drug Enforcement Administration, was on patrol at 3:00 a.m. in an unmarked boat. He unequivocally testified that his full intention in stopping the vessel was to "see if there was any contraband they might have" and that his "only interest was to get inside the cabin and see if there was any marijuana or other contraband in there."
[3] If the stop had been based on Section 1581, then it would not have been authorized if made inside the United States coastline, Morales v. State, supra; United States v. Villamonte-Marquez, 652 F.2d 481 (5th Cir.1981); United States v. Guillen-Linares, 643 F.2d 1054, 1056 (5th Cir.1981); United States v. D'Antignac, 628 F.2d 428, 433 (5th Cir.1980), cert. denied, 450 U.S. 967, 101 S.Ct. 1485, 67 L.Ed.2d 617 (1981); United States v. Serrano, 607 F.2d 1145, 1147-48 (5th Cir.1979), cert. denied, 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980), unless the vessel was initially seen in Customs waters, United States v. Alfrey, 620 F.2d 551 (5th Cir.), cert. denied, 449 U.S. 938, 101 S.Ct. 337, 66 L.Ed.2d 160 (1980).
[4] The Officer testified that these innocuous activities fit his "own personal profile" for illegal activity. Such a self-fulfilling prophecy is nothing more or less than a hunch which is hardly sufficient for a stop. His observation, after the vessel stopped at his command, that the bow of the vessel went down, even if a suspicious circumstance, but see Romanello v. State, 365 So.2d 220 (Fla. 4th DCA 1978), and his detection of the smell of marijuana derive from and are tainted by the stop, Cacace v. State, 379 So.2d 1306 (Fla. 4th DCA 1980); Romanello v. State, supra.
[5] The trial court's suppression order refers to the stopped vessel as "the defendants' vessel." There is simply no evidence to support that conclusion.