PER CURIAM.
The state appeals an order suppressing physical evidence. We conclude that the trial court misapprehended the appropriate rule of law and, consequently, we reverse.
This case involves the suppression of contraband found aboard a boat. Initially, the trial court ruled that the stop of the vessel was justified because the officers had an articulable suspicion of criminal activity. Subsequently, however, the court reversed its decision and suppressed the evidence on the theory that “an investigatory stop, even when based on a reasonable suspicion of law violation, is illegal unless the vessel was initially seen in customs waters.” We respectfully disagree.
A stop of a vessel may be justified if there is evidence that the vessel has recently crossed the border or there is evidence giving rise to an articulable suspicion that the defendants were engaged in illegal activity. State v. Doyle, 409 So.2d 1168 (Fla. 3d DCA 1982); State v. Zafra, 408 So.2d 745 (Fla. 3d DCA 1982); Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981). Having found a lawful justification for the stop, the trial court erred in requiring proof that the vessel was seen in customs waters. Accordingly, the order of suppression is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
DOWNEY, HURLEY and DELL, JJ., concur.