PER CURIAM.
Chi was convicted upon his nolo contendere plea in which he preserved his right to appeal the concededly dispositive issue of the propriety of the trial court’s denial of his motion to suppress marijuana found in a search of a fishing boat owned *671 and operated by him. We reverse his convictions upon a holding that (1) there was no evidence giving rise to any reasonable suspicion that the defendant was engaged in illegal activity which justified a stop of the vessel, see State v. Zaira, 408 So.2d 745 (Fla. 3d DCA 1982); (2) since the vessel was stopped by Customs Officers inside the coastline of the United States and there was no evidence that the vessel had crossed the border into the United States, no boarding was authorized under Title 19 United States Code, Section 1581(a) (1980), see State v. Doyle, 409 So.2d 1168, 1169 n. 3 (Fla. 3d DCA 1982), and the border search exception to the probable cause requirement was inapplicable, compare Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981); and (3) even if, arguendo, the stop and boarding of the vessel were justified, the subsequent search by ripping the bait box from the deck which revealed the marijuana hidden below was wholly without probable cause to believe that a crime was being committed, State v. Casal, 410 So.2d 152 (Fla.), cert. granted, - U.S. -, 103 S.Ct. 50, 74 L.Ed.2d 56 (1982).
Reversed and remanded with directions to vacate the convictions and discharge the defendant.