On Mandate of Supreme Court of the United States

PER CURIAM.
This cause is before us pursuant to the mandate of the Supreme Court of the United States in Florida v. Zafra, 462 U.S. —, 103 S.Ct. 3529, 77 L.Ed.2d 1382 (1983), which vacated our decision in State v. Zafra, 408 So.2d 745 (Fla. 3d DCA 1982), rev. denied, 418 So.2d 1281 (Fla.1982), and remanded the cause “for further consideration in light of United States v. Villamonte-Marquez, 462 U.S.-[, 103 S.Ct. 2573, 77 L.Ed.2d 22] (1983).” In that decision the Supreme Court held that U.S. Customs officials may, consistent with the Fourth Amendment, board a vessel located in waters having ready access to the open sea for the purpose of examining the manifest and other vessel documents under 19 U.S.C. § 1581(a) (1976),[1] without any reasonable suspicion of prior wrongdoing.[2]
We conclude that, for two reasons, Villa-monte-Marquez is inapposite to the present case. First, the vessel involved was boarded while located on land atop a boat trailer at the Crandon Park Marina in Miami. It was obviously not therefore in “waters offering ready access to the open sea,” an essential requirement of the decision. See 462 U.S. at —, 103 S.Ct. at 2580, 77 L.Ed.2d at 31.
Second, and probably more important, the boarding and subsequent search of this land-situated vessel was in no sense undertaken as a document inspection. As the eleventh circuit has recently, and we think correctly, stated in United States v. Herrera, 711 F.2d 1546 (11th Cir.1983):
In United States v. Villamonte-Marquez, — U.S. -, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983), the Supreme Court held that no suspicion is necessary to stop and board a vessel that is located in waters providing ready access to the open sea to conduct a document inspection pursuant to 19 U.S.C. § 1581(a). The Court also made clear that Customs officers are not precluded from using document check authority simply because they suspect drug smuggling or other illegality on board. — U.S. at -, n. 3, 103 S.Ct. at 2577 n. 3. However, nothing in that opinion suggests that reasonable suspicion is not required when the Customs officers’ conduct, objectively assessed, indicates they did not stop and board the vessel to make a document inspection, [e.s.]
711 F.2d at 1554 n. 13. The emphasized observation plainly applies here. No one was even on the vessel at the time of the boarding; no effort was made by the Customs officer while aboard to inspect vessel documents or examine the manifest; and the entire search was for the admitted purpose of discovering whether marijuana was concealed on the vessel.[3]
*1066 Neither Villamonte-Marquez nor any other decision of the United States Supreme Court or the courts of Florida has ever authorized such a search without a prior showing of founded suspicion, one which the state concedes was not made in this case. See State v. Zafra, supra. Indeed, Villamonte-Marquez was careful to hold that the suspicionless stop of a vessel located in waters providing ready access to the open sea for a vessel document check, while constitutionally valid, did not thereafter authorize a general search of the vessel — as was conducted in this case — because the stop
involves only a brief detention where officials come on board, visit public areas of the vessel, and inspect documents. “Neither the [vessel] nor its occupants are searched, and visual inspection of the [vessel] is limited to what can be seen without a search.” (citations omitted)
462 U.S. at -, 103 S.Ct. at 2581, 77 L.Ed.2d at 33.
For these reasons, we hold that our previous decision is unaffected by Villamonte-Marquez. The order below is therefore again
Affirmed.

. Footnote 2 to the opinion specifically states:
Section 1581(a) provides Customs officials with authority beyond boarding for document inspections. In this case, however, we are concerned only with the more narrow issue.
United States v. Villamonte-Marquez, 462 U.S. at -n. 2, 103 S.Ct. at 2575 n. 2.

. The court at the outset of its opinion states:
Congress has provided that “[a]ny officer of the customs may at any time go on board of • any vessel ... at any place in the United States ... and examine the manifest and other documents and papers ... and to this end may hail and stop such vessel ... and use all necessary force to compel compliance.” 19 U.S.C. § 1581(a) (1976). We are asked to decide whether the Fourth Amendment is offended when Customs officials, acting pursuant to this statute and without any suspicion of wrongdoing, board for inspection of documents a vessel that is located in waters providing ready access to the open sea.
United States v. Villamonte-Marquez, 462 U.S. at -, 103 S.Ct. at 2575 (footnotes omitted). The Court’s decision answers this question in the negative.

.See also, United States v. Whitmire, 595 F.2d 1303 (5th Cir.1979), in which Customs officers boarded a docked vessel after checking its documents ashore; in Herrera, the court stated that
[i]n these circumstances, neither border crossing authority nor section 1581(a) document and safety check authority was available to render the boarding and search reasonable under the fourth amendment.
711 F.2d at 1553.