864 So.2d 1158 (2003)
Kenneth BACKUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2803.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
Rehearing Denied February 19, 2004.
Glenn H. Mitchell, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Kenneth Backus was charged with trafficking in cocaine, 400 or more grams, after law enforcement officers, including United States Customs agents, discovered cocaine on his boat after it had returned to land. Backus filed a motion to suppress the cocaine as the fruit of an illegal search and seizure, and the State asserted the border search exception of 19 U.S.C. § 482(a) in response. In denying the motion to suppress, the trial court found that *1159 Backus navigated his boat more than three but less than twelve nautical miles from the shore of Boynton Beach and that for purposes of the border search exception the United States sea border is three nautical miles. Backus then pled guilty, reserving his right to appeal the dispositive motion to suppress. We affirm.
The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court's factual findings but review legal conclusions de novo. Batson v. State, 847 So.2d 1149, 1150 (Fla. 4th DCA 2003). A border search conducted by a United States Customs officer is not governed by state law.[1]People v. Mitchell, 275 Cal. App.2d 351, 79 Cal.Rptr. 764, 767 (1969) (citations omitted), cert. denied, 397 U.S. 1053, 90 S.Ct. 1394, 25 L.Ed.2d 669 (1970), 405 U.S. 991, 92 S.Ct. 1258, 31 L.Ed.2d 457 (1972). Therefore, federal law, including the border search exception to the Fourth Amendment, applies. The border search exception provides:
Any of the officers or persons authorized to board or search vessels may stop, search, and examine, as well without as within their respective districts, any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law, whether by the person in possession or charge, or by, in, or upon such vehicle or beast, or otherwise, and to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law; and if any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast, or person, or in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in possession or charge, or by, in, or upon such vehicle, beast, or otherwise, he shall seize and secure the same for trial.
19 U.S.C. § 482(a). For the exception to apply, "[t]here must at least be some articulable facts from which it is reasonable to infer that there was a recent border crossing." United States v. Garcia, 598 F.Supp. 533, 535-536 (S.D.Fla.1984); see also Chi v. State, 421 So.2d 670, 670 (Fla. 3d DCA 1982).
In the case at bar, the evidence supports the trial court's factual finding that Backus navigated his boat more than three but less than twelve nautical miles from shore. Whether this finding establishes that Backus crossed the border is a matter of whether the trial court correctly set the United States sea border at three nautical miles.
Prior to 1988, the uncontested United States territorial sea border was three nautical miles:
A traveler crosses the international border of the United States by vessel at sea when he crosses from the high seas into the United States territorial sea at a point three nautical miles from the U.S. coast; stated differently, the three mile limit, as thus defined represents the international border of the United States for border search purposes.
Morales v. State, 407 So.2d 321, 327 (Fla. 3d DCA 1981); see also United States v. *1160 Garcia, 672 F.2d 1349, 1357 n. 10 (11th Cir.1982) (stating that the three-mile limit separating territorial waters from the contiguous zone is the border of the United States). However, in 1988, President Ronald Reagan issued Presidential Proclamation No. 5928 on the Territorial Sea of the United States. The proclamation extends the territorial sea to twelve nautical miles, based on the international legal trend established by the United Nations Convention on the Law of the Sea, to which the United States is not a party. However, the proclamation also states that the extension of the territorial sea was not intended to extend or alter existing federal or state law.
The impact of the extension and apparent limitation has been the subject of debate by both courts and scholars ever since. Some scholars maintain that the proclamation affected the definition of the territorial sea only for international purposes and not for domestic matters. See, e.g., Robert M. Jarvis, Territorial Waters: Florida's Eastern Coastal Boundary is the Greater of the Edge of the Gulf Stream or Three Geographic Miles, 34 J. Mar. Law & Commerce 351, 357 (2003) (citations omitted). Others contend that the extension of the territorial sea to twelve nautical miles created United States sovereignty to that distance, and question whether the limitation can have the inconsistent effect of declaring United States ownership and control without applying current federal law. See, e.g., John A. Saurenman, The Effects of a Twelve-Mile Territorial Sea on Coastal State Jurisdiction: Where Do Matters Stand?, 1 Territorial Sea J. 39 (1990) (citations omitted). Both federal and state courts have had similar difficulty addressing the impact of the proclamation, where the subject has even been addressed post-1988.
We can locate no post-1988 case that has expressly explored the effect of the proclamation on the border search exception or Fourth Amendment jurisprudence. Because existing federal case law does indicate that the border is at three nautical miles for border search purposes, and controversy surrounds the operation of Presidential Proclamation 5928, we decline, on a matter of federal law, to conclude that the trial court erred by setting the United States sea border at three nautical miles for purposes of the border search exception. As a result, the denial of Backus's motion to suppress the cocaine is affirmed.
AFFIRMED.
FARMER, C.J., GUNTHER and MAY, JJ., concur.
NOTES
[1] We are aware of the Third District's opinion in Benson v. Norwegian Cruise Line Ltd., 859 So.2d 1213 (Fla. 3d DCA Nov.5, 2003). However, because Benson addresses a matter of state law, a tort suit, its discussion of Florida's state borders is not controlling on the Fourth Amendment issue raised in the case at bar.