MAY, C.J.
 

 The inherent incredibility of this factual scenario causes us to write on this appeal from the defendant’s conviction and sentence for Trafficking in Cannabis — Over 25 Pounds, Cultivation of Cannabis, and Use or Possession of Drug Paraphernalia. The defendant argues the court erred in denying his motion to suppress, after which he pled to the charges. Bound by the trial court’s factual findings, we affirm.
 

 The following facts were revealed during the hearing on the motion to suppress. A detective received information from a concerned citizen that marijuana was 'possibly being grown at a particular location. The detective undertook day and night surveillance of the home for several months, visiting three to five times per week. Despite nearly one hundred visits, the detective did not have sufficient evidence to establish probable cause for a search warrant.
 

 The detective described the area as heavily wooded with little traffic. The property was approximately a half acre in size, surrounded by an outer fence with a metal gate at the entrance. An inner fence surrounded the immediate area of the residence.
 

 
 *418
 
 Unable to obtain a search warrant, several law enforcement officers, including the narcotics and K-9 units, assembled and proceeded to the defendant’s home. Everyone stayed out of view while the detective and another deputy, who spoke Spanish, approached the gate to the home.
 

 The entrance gate was locked. The detective honked the horn multiple times to get the defendant’s attention. When the defendant approached the gate, the detective advised they were conducting an investigation of indoor marijuana grows and asked for consent to search. The defendant refused and told them to obtain a search warrant.
 

 The detective contacted her supervisor and advised she was unable to obtain the defendant’s consent to search. Her supervisor directed the detective to return to the property to obtain the defendant’s identity. The detective and the translating deputy returned to the home a few minutes later.
 

 Once again, the detective honked the horn multiple times to get the defendant to respond. When he approached, the translating deputy asked the defendant to provide identification. The defendant returned to the home, retrieved his license, and gave it to the detective. The detective again asked to search the residence. The defendant again refused without a search warrant.
 

 Having twice been denied consent to search, the detective did not leave the area, but stayed to contemplate the next move. The supervisor then approached the property and began to observe the residence with binoculars. At some point, the defendant jumped over the fence surrounding the property and made contact with the supervisor.
 

 The detective returned to the house with the deputy. The defendant waved them in, motioning for them to jump the fence. The defendant told the deputy in Spanish, “come on in, you can look around.” The defendant then proceeded to the rear of the property to secure his dog. Once he returned, he entered the house followed by the detective and the deputy. The detective testified that she did not request consent to enter the home prior to entering and relied on the previous consent given outside of the defendant’s property.
 

 The detective took the lead, proceeding directly to where she believed the marijuana operation was located. Once in the room, the detective discovered a locked door. She asked the defendant for the keys, at which time the defendant kicked in the door. The detective observed evidence of the marijuana grow operation.
 

 The detective then called in additional law enforcement officers to secure the residence so that she could obtain a search warrant. As a result of executing the search warrant, law enforcement secured several marijuana plants and various items used in the cultivation of marijuana.
 

 The State charged the defendant with Trafficking in Cannabis — Over 25 Pounds, Cultivation of Cannabis, and Use or Possession of Drug Paraphernalia. The defendant moved to suppress the evidence. Neither the defendant nor any witness testified for the defense at the hearing. The trial court did not enter a written order, but articulated specific findings of fact which tracked the testimony provided by law enforcement.
 

 THE COURT: Okay. All right, I’m prepared to make my ruling. This is, uh, not even a close call. It’s pretty, pretty clear.
 

 [[Image here]]
 

 ... Nothing that says you can’t do a knock and talk. It’s a time honored, valid investigative tool.
 

 
 *419
 
 [[Image here]]
 

 Now the defendant clearly and obviously understood he had the right to refuse the search because he said, “No, go get a search warrant.”
 

 [[Image here]]
 

 ... There were no force, threats, coercion. Uh, no physical contact. Uh, no unlawful or threatening display of weapons or acquiescence to mere authority. Uh, uh, other officers were in the area, but not visible from the property.
 

 [[Image here]]
 

 This wasn’t a situation though where they said you might as well consent because we’re gonna get a search warrant and then consent was given without any break.
 

 The court found no basis to suppress the evidence. Following the denial of the motion to suppress, the defendant entered a no contest plea as charged, reserving the right to appeal the order.
 

 “The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court’s factual findings but review legal conclusions de novo.”
 
 Backus v. State,
 
 864 So.2d 1158, 1159 (Fla. 4th DCA 2003).
 

 “A warrantless search is per se unreasonable under the Fourth Amendment. However, a search will be considered lawful if conducted pursuant to consent which was given freely and voluntarily.”
 
 Jorgenson v. State,
 
 714 So.2d 423, 426 (Fla.1998) (citations omitted). “‘Where the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority.’ ”
 
 Reynolds v. State,
 
 592 So.2d 1082, 1086 (Fla.1992) (quoting
 
 Florida v. Royer,
 
 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)). Rather, the court must look at the totality of the circumstances.
 
 Luna-Martinez v. State,
 
 984 So.2d 592, 597 (Fla. 2d DCA 2008).
 

 This case involved a “knock and talk,” which “ ‘is a procedure ordinarily used by police officers to investigate a complaint where there is no probable cause for a search warrant.’ ”
 
 Id.
 
 at 598 (quoting
 
 Murphy v. State,
 
 898 So.2d 1031, 1032 n. 4 (Fla. 5th DCA 2005)). “The key to the legitimacy of the knock-and-talk technique ... is the absence of coercive police conduct, including any express or implied assertion of authority to enter or authority to search.”
 
 Id.
 
 at 598-99.
 

 Here, the trial court found the warrant-less search was conducted pursuant to consent. We are bound by that finding.
 
 See Ruiz v. State,
 
 50 So.3d 1229, 1233 (Fla. 4th DCA 2011). The trial court did not have the benefit of conflicting testimony that the consent was not freely and voluntarily given; instead, the court had only the testimony of law enforcement to consider. There was no evidence of coercive conduct or the use of overbearing tactics by law enforcement. Under these circumstances, it cannot be said that the trial court erred in denying the motion.
 
 [1]
 

 But one must wonder why,
 
 after twice telling the police to get a warrant,
 
 the defendant would invite law enforcement on his property, put the dog away, and kick down his own door to allow law enforcement to have a good look at his indoor marijuana grow room — providing sufficient
 
 *420
 
 probable cause for a search warrant. As Arsenio Hall used to say, “Things that make you go Hmmm!”
 

 Affirmed.
 

 STEVENSON and GROSS, JJ., concur.
 

 [1]
 

 . The defendant relies on
 
 United States v. Maldonado Garcia,
 
 655 F.Supp. 1363 (D.P.R.1987);
 
 Miller v. State,
 
 865 So.2d 584 (Fla. 5th DCA 2004); and
 
 Kutzorik v. State,
 
 891 So.2d 645 (Fla. 2d DCA 2005). We find those cases distinguishable on their facts.