FORST, J.
Appellant Jimmy Ho was convicted of kidnapping and first degree murder with a firearm and sentenced to consecutive life terms. We affirm without further discussion the lower court’s sentencing of Appellant, as well as its rulings denying Appellant’s motions for judgment of acquittal. We write solely to address Appellant’s challenge as to whether the trial court properly denied his motion to suppress statements made to the police during a “knock and talk.” As discussed below, we affirm the court’s decision.
Background
The victim in this case was a young woman who ran an escort service from her home. One afternoon, while with a client, the victim sent a text message to her boyfriend saying the client was acting strangely and she was scared. Later that night, the victim failed to call her boyfriend as usual. Subsequently, the victim was found in her bedroom barely alive (she later died), shot twice with severe wounds on her neck and torso.
Responding detectives interviewed the victim’s boyfriend. They looked at,.the text messages on his phone regarding the encounter the victim had with a client, and obtained the victim’s cell phone number. Then, they subpoenaed the telephone company for the victim’s telephone records, at which point they learned that the victim exchanged several calls the afternoon of the shooting with another number. Using the police department’s computer records, detectives learned that the other number was Appellant’s. From the records, they also learned his address.
At about 3:00' a.m. the day after the homicide, a team of about ten armed police officers and a canine unit surrounded Appellant’s home. According to the testimony of one of the arresting detectives, he and another detective knocked on the door, One detective did not have a gun drawn, but the other did at the low ready position—pointed towards the ground. After the detectives knocked, Appellant answered the door. His girlfriend was behind him. The detectives informed Appellant that they were investigating a shooting, and that they had some questions. Appellant immediately began volunteering statements like “it was self-défense” and “my life is ruined.” Based on these statements, officers arrested Appellant and commenced a pat down search for weapons.
Appellant’s version of the story is much different—that when Appellant answered the door, officers had their guns drawn pointing at him. He was immediately ordered out of the house with his hands raised and then frisked for weapons. Then,’ he was questioned. At that point, he made his incriminating statements.
The trial court weighed the evidence and found the officers’ testimony more credible than' Appellant’s. The court accordingly denied Appellant’s motion to suppress, finding that he had voluntarily consented to the search and seizure (by making the incriminating statements) during the knock and talk.
Analysis
In reviewing a trial court’s determination as to a motion to suppress, this *728 Court defers to the trial court’s factual findings and reviews any legal conclusions de novo. Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003). The trial court’s findings of fact must be supported by competent and substantial evidence. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). They are “clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s' ruling.” Terry v. State, 668 So.2d 954, 958 (Fla.1996).
A knock and talk is a “purely consensual encounter” that an officer may initiate without any objective level of suspicion. Hardin v. State, 18 So.3d 1246, 1247 (Fla. 2d DCA 2009) (citing State v. Triana, 979 So.2d 1039, 1043 (Fla. 3d DCA 2008)). Defendants have no constitutional safeguards during such encounters. Popple v. State, 626 So.2d 185, 186 (Fla.1993). “The key to the legitimacy of the knock-and-talk technique ... is the absence of coercive police conduct.... [T]he police should not ‘deploy overbearing tactics that essentially force the individual out of the home.’” Luna-Martinez v. State, 984 So.2d 592, 598-99 (Fla. 2d DCA 2008) (quoting United States v. Thomas, 430 F.3d 274, 277 (6th Cir.2005)).
The trial court conducted a “totality of the circumstances” review and properly considered the fact that the victim had been shot; that Appellant was possibly tied to the victim, if not the shooting; and that the officers reasonably believed Appellant was a police officer (he was actually a security guard/former police officer) who would thus possess a weapon. These factors supported the presence of a number of armed officers at the scene. By virtue of his law enforcement experience, Appellant would have been well aware that any police visit to his home would likely have extra security given the possibility that he was armed and trained himself.
The trial court found the testimony of the law enforcement officers more credible than Appellant’s with respect to the 3:00 a.m. encounter. The trial court noted that Appellant’s girlfriend witnessed the confrontation and disagreed with Appellant’s claim that the officers had their weapons drawn and raised at Appellant when he opened his apartment door. Under the facts as found by the trial court, Appellant came to the door and saw multiple officers, but did not see weapons drawn and pointed at him.
Accordingly, the trial court’s conclusion that Appellant made his incriminating statements prior to his actual seizure is supported by the record. See G.M. v. State, 19 So.3d 973, 978 (Fla.2009) (holding that a totality of the circumstances review applies to determining whether police conduct constitutes a seizure); State v. Ojeda, 147 So.3d 53, 57 (Fla. 3d DCA 2014) (noting the factors to be considered in a “totality of the circumstances” determination as to whether consent to a search was “freely and voluntarily given”); Triana, 979 So.2d at 1044-45.
Appellant’s incriminating statements (made before he was actually asked any questions) were uncoerced and voluntary. The evidence considered by the trial court, including the testimony of the detectives that the trial court determined to be more credible than that of Appellant’s, supports the trial court’s decision to deny the motion to suppress.
Conclusion
We affirm the trial court’s ruling denying Appellant’s motion to suppress. The trial court properly found that the initial knock and talk was not an arrest and that Appellant was not coerced by police action to speak with the officers, and thus Appel *729 lant’s incriminating statements were freely-given. Because the record further supports the trial court’s decision to deny Appellant’s motions for judgment of acquittal with respect to both the first degree murder and the kidnapping charges, as well as the sentence imposed, we affirm.

Affirmed.

CIKLIN, C.J., and LEVINE, J., concur.